E. B. Coolidge and Destie Coolidge v. Commissioner. E. B. Coolidge v. Commissioner.
Coolidge v. Commissioner
Docket Nos. 109251, 109252.
United States Tax Court
1943 Tax Ct. Memo LEXIS 17; 2 T.C.M. (CCH) 1166; T.C.M. (RIA) 43531; December 27, 1943
*17 In 1930 petitioner, E. B. Coolidge, was the owner of certain shares of stock of The Montana Corporation of which he was the president and directing head. On December 20, 1930, he executed a trust indenture in which he transferred these shares to himself as trustee, naming his wife and three children as the beneficiaries of the trust. The purpose of the trust was stated therein to be: "to hold and keep said stock as a unit for all purposes, particularly for the purpose of maintaining control and direction of said company in which said stock is held for the benefit of the beneficiaries named herein". The duration of the trust was not fixed and no provision was made as to whether the income from the property should be accumulated or whether it should be distributed. Since the execution of the trust indenture the settlor has several times by supplemental declarations transferred other stocks to himself as trustee to be held for the beneficiaries in the same manner as specified in the trust indenture of December 20, 1930. In the taxable years 1937, 1938 and 1939 the settlor voted the stock as trustee. Sums equal to a substantial part of the net income in each of the years were distributed *18 to the settlor's wife and entered on the cash book of the trust as "advances". Smaller sums were paid to the other beneficiaries. Other sums were used to pay insurance premiums, presumably on the life of the settlor. Held, following Helvering v. Clifford, 309 U.S. 331 that on account of the dominion and control which the settlor of the trust continued to exercise over the corpus and income, the income from the property is taxable to the settlor. William B. Finlay, C.P.A., and La Rue Smith, Esq., for the petitioners. T. M. Mather, Esq., for the respondent. BLACK s have been consolidated. Docket No. 109251 involves deficiencies in income tax which the Commissioner has determined against E. B. Coolidge and Destie Coolidge for the years 1938 and 1939 in the respective amounts of $336.70 and $316.45. Docket No. 109252 involves a deficiency in income tax which the Commissioner has determined against E. B. Coolidge for the year 1937 of $516.93. In each instance, the deficiency results from the addition to the taxpayer's net income, as reported on his return, of dividends from domestic corporations. In each deficiency notice the Commissioner has explained *19 the grounds of his determination. That contained the deficiency notice for the year 1937 is typical of the explanation given for the years 1938 and 1939 and reads as follows: (a) For each of the years 1937, 1938 and 1939, substantial amounts of income in the form of dividends were received on stocks apparently held in the name of E. B. Coolidge, Trustee. Such income was reported on a separate income tax return, Form 1040, filed for each of these three years in the name of the E. B. Coolidge, Trustee, as income of a trust. The dividends were received from the following named corporations: 1937
1938
1939
Montana Corpora-
tion
$4,612.10
$3,408.12
Montana Gas Cor-
poration
564.00
$ 456.00
Hardrock Oil Com-
pany
186.75
Consumers Gas
Company
2,159.63
Miscellaneous
185.95
.75
Total
$5,548.80
$3,408.12
$2,616.38
So far as can be ascertained the trust had no specific name, but is referred to as E. B. Coolidge, Trustee, in the separate returns filed for the three years mentioned above. For all years prior to and including the year 1936, the income of this alleged trust was combined with your own personal income and included in one return filed by you for *20 each year. On or about December 20, 1930, you made a Declaration of Trust under the provisions of which you were the donor or grantor of the trust and also the sole trustee. There is no provision in the trust declaration as to how long the trust should continue. Nothing is said therein as to earnings and dividends, and no power is given to the trustee to receive, hold, accumulate, or distribute the dividends. The rights to dividends are not indicated in the trust declaration, whether they belong to the settlor of the trust or to the beneficiaries. No provision is made for the further acquisition of property by the trustee in any way. It is held that the trust cannot be recognized for income tax purposes because of the uncertainty and vagueness of the declaration of trust. It is also held that under its provisions no rights to dividends were conveyed and that you, as grantor of the trust, continued after December 20, 1930, as before, to exercise control and dominion over the property and dividends. It is therefore held that the income reported in the separate returns filed for the trust for the years 1937, 1938 and 1939, is taxable to you and not to the trust. Adjustment is accordingly *21 made to add the dividends indicated above for the year 1937 to your taxable income for such year. The dividends for the years 1938 and 1939 are added to your taxable income for those years in the separate deficiency notice for such years. Petitioners by appropriate assignments of error contest the correctness of the Commissioner's determination. Findings of Fact The petitioners, E. B. Coolidge and Destie Coolidge, are, and during all of the time during the years 1930 to 1939, inclusive, have been husband and wife, residing in Great Falls, Montana. For the year 1937 E. B. Coolidge filed a separate income tax return. For the years 1938 and 1939, E. B. Coolidge and Destic Coolidge filed joint income tax returns as husband and wife. These returns were filed with the Collector of Internal Revenue for the District of Montana. On December 20, 1930, E. B. Coolidge executed a Declaration of Trust in words and figures as follows: DECLARATION OF TRUST KNOW ALL MEN BY THESE PRESENTS: That the undersigned, E. B. COOLIDGE, hereby declares that he holds in trust for the purposes and beneficiaries hereinafter named the following described property, to-wit: CAPITAL STOCK of THE MONTANA CORPORATION: *22 Certifi-
cate
No. of
Number
Issued to
Dated
Shares
25 E. B.
Coolidge, Trustee,
12/16-30
5,000
26 E. B.
Coolidge, Trustee,
12/16-30
1,800
27 E. B.
Coolidge, Trustee,
12/16-30
1,800
28 E. B.
Coolidge, Trustee,
12/16-30
1,850
The beneficiaries of this trust are Destie Fay Coolidge, wife of the undersigned trustee; Mina Frances Coolidge, daughter of the undersigned trustee; Destie Bremer Coolidge, daughter of the undersigned trustee, and Edwin Don Coolidge, son of the undersigned trustee, and their respective interests herein are as follows: Destie Fay Coolidge,
One-half (1/2)
Mina Frances Coolidge,
One-sixth (1/6)
Destie Bremer Coolidge,
One-sixth (1/6)
Edwin Don Coolidge,
One-sixth (1/6)
The purpose of this trust is to hold and keep said stock as a unit for all purposes, particularly for the purpose of maintaining control and direction of said company in which said stock is held for the benefit of the beneficiaries named herein. As creator of this trust I direct that in the event of my incapacity or death Mina Frances Coolidge, my daughter above named, shall succeed me as trustee for the benefit of the heirs and all other beneficiaries *23 hereinabove named, and that in the event of her death or incapacity the remaining named beneficiaries shall thereupon designate a trustee who shall act as trustee in her place for all of the heirs and beneficiaries the same as if designated by me. In the event of the death without issue of any of the beneficiaries above named the interest of such deceased in the trustee estate shall inure to and become the property, share and share alike, of the remaining beneficiaries hereinabove specifically named, and in the event of the death of any of said named beneficiaries leaving issue then the issue of such beneficiary shall succeed to the interest of such beneficiary in this trust and if there be more than one child of such beneficiary such children shall share and share alike in such interest. The trustee under this trust shall have the right to sell the stock which is the subject of this trust only in the event that all of the beneficiaries of this trust agree thereto and expressly authorize the trustee in writing so to do, and in the event of such sale the proceeds shall be distributed in accordance with the interests of the beneficiaries under this trust as hereinbefore set forth. *24 IN WITNESS WHEREOF, I have hereunto set my hand and seal, this 20th day of DECEMBER, 1930. E. B. COOLIDGE. The trust indenture was properly acknowledged. The Montana Corporation was organized July 2, 1928, under the laws of Montana, for a term of forty years. The directors of The Montana Corporation, during the years 1937, 1938 and 1939, were E. B. Coolidge, the grantor of the trust, and the trustee, Destie Fay Coolidge, his wife, one of the beneficiaries of the trust; Mina Frances Coolidge, another beneficiary of the trust, A. D. Becker, general office bookkeeper, and Donald Campbell, attorney. On April 1, 1932, Certificate No. 29 for 400 shares of the capital stock of The Montana Corporation was issued and delivered to E. B. Coolidge, trustee. On September 20, 1934, trustor executed a supplemental declaration of trust adding to the corpus of the trust, Certificate No. 153 for 208 shares of the capital stock of the Hardrock Oil Co., and not otherwise changing the terms of the original trust instrument. On December 16, 1936, trustor executed another supplemental declaration of trust adding to the corpus of the trust Certificate No. 183 for 41 shares of the capital stock of the *25 Hardrock Oil Co., and not otherwise changing the terms of the original trust. On December 29, 1936, trustor executed another supplemental declaration of trust adding to the corpus of the trust Certificate No. 44 for 17,276 shares of the capital stock of Consumers Gas Company and not otherwise changing the terms of the original trust. On December 12, 1938, the trustee acquired stock Certificate No. 215 for 624 shares of the capital stock of the Hardrock Oil Co. On September 12, 1938, trustor executed another supplemental declaration of trust adding to the corpus of the trust Certificate No. 104 for 114 shares of the capital stock of Montana Gas Corporation and not otherwise changing the terms of the original trust. On March 10, 1939, trustor executed another supplemental declaration of trust adding to the corpus of the trust Certificate No. 105 for 94 shares of the capital stock of Montana Gas Corporation and not otherwise changing the terms of the original trust. On March 25, 1939, trustor executed another supplemental declaration of trust adding to the corpus of the trust Certificate No. 215 for 642 shares of the capital stock of Hardrock Oil Co. and not otherwise changing the terms *26 of the original trust. This certificate of stock was issued and delivered to the trustee on December 12, 1938. The Montana Corporation was liquidated and dissolved March 24, 1939. Upon dissolution of The Montana Corporation, on March 24, 1939, the trustee received in exchange for the stock of the dissolved corporation held by the trust, his proportionate share of the assets, principally stock in other corporations, held by the dissolved company. On said dissolution, E. B. Coolidge, as trustee, who held 66.4028 percent of the stock of the company, received the following property: Certificate No. 219 for 4,701 shares of the capital stock of the Hardrock Oil Co. Certificate No. 105 for 94 shares of the capital stock of Montana Gas Corporation. Certificate No. 535 for 6,640 shares of the capital stock of the Range Oil & Gas Co. Limited. Certificate No. 1067, issued by Great Falls National Bank, as trustee, representing 33.686/333,500ths of the Homestake Oil Company trust. On November 1, 1939, capital stock Certificate No. 224 for 696 shares of the capital stock of Hardrock Oil Co. was issued and delivered to E. B. Coolidge, trustee, and incorporated in the trust. The holdings of *27 the trust through E. B. Coolidge, trustee, for the year 1937, were as follows: 10,850 shares of the capital stock of The Montana Corporation. 249 shares of the capital stock of the Hardrock Oil Co. 17,276 shares of the capital stock of the Consumers Gas Company. 1 Oil painting. The holdings of the trust through E. B. Coolidge, trustee, for the year 1938 were all of the property held in 1937 plus: 168 shares of the capital stock of the Montana Gas Corporation. 642 shares of the capital stock of the Hardrock Oil Co. Two Hundred Dollars ($200.00) worth of Sunburst Crude Pipe Line Company stock, and An interest in a boat purchased by trustee. From January 1, 1939, until March 24, 1939, when The Montana Corporation was dissolved, the holdings of the trust through E. B. Coolidge, trustee, were a total of all the property listed above for the years 1937 and 1938. From March 25, 1939 to November 1, 1939, the holdings of the trust through E. B. Coolidge, trustee, were as follows: 262 shares of the capital stock of the Montana Gas Corporation. 17,276 shares of the capital stock of the Consumers Gas Company. 5,592 shares of the capital stock of the Hardrock Oil Co. 6,640 shares *28 of the capital stock of the Range Oil & Gas Co. Limited. 1 Oil painting. An interest in a boat. Two Hundred Dollars ($200.00) worth of the capital stock of Sunburst Crude Pipe Line Company. Two Hundred Fifty Dollars ($250.00) worth of the capital stock of Spokane Pipe Line Company, purchased by trustee on June 14, 1939. From November 1, 1939 to December 31, 1939, the holdings of the trust through E. B. Coolidge, trustee, were as follows: 262 shares of the capital stock of the Montana Gas Corporation. 17,276 shares of the capital stock of the Consumers Gas Company. 6,288 shares of the capital stock of the Hardrock Oil Co. 6,640 shares of the capital stock of the Range Oil & Gas Co. Limited. 1 Oil painting. An interest in a boat. Two Hundred Dollars ($200.00) worth of the capital stock of Sunburst Crude Pipe Line Company. Two Hundred Fifty Dollars ($250.00) worth of the capital stock of the Spokane Pipe Line Company. Substantially all the corpus of the trust through the taxable years 1937, 1938 and 1939 was represented by capital stock in The Montana Corporation, Montana Gas Corporation, Consumers Gas Company, Hardrock Oil Co., Homestake Oil Company and Range Oil & Gas *29 Co. Limited. None of the trust holdings of the capital stock in any of the companies was parted with by the trustee, at any time, except that the stock of The Montana Corporation, upon its dissolution, was delivered upon in exchange for the proportionate share of the assets of that company to which the trustee was entitled. During 1937, the trustee received as dividends from stocks held by the trust a total of $5,548.80 and expended $5,208.35, which expenditures were as follows: Safety Deposit Box rent
$ 5.50
Taxes
378.36
Insurance Premiums
964.49
Purchase of oil painting
375.00
Advance to Beneficiaries: Mrs. E. B. Coolidge
3,400.00
E. D. Coolidge
85.00
In 1938, the trustee received as dividends $3,408.12 and by advances from the trustee in the way of loans $8,182.46, which, with a balance of $340.45 left from the year 1937, made a total of $11,931.03 in the trust fund which was expended as follows: Taxes
$ 143.29
Insurance Premiums
958.74
Purchase of -
Sunburst Crude Pipe Line Com-
pany stock
200.00
Interest in boat
400.00
Advances to Beneficiaries: E. D. Coolidge
450.00
Mrs. E. B. Coolidge
3,310.00
Mrs. Del Lowry
49.00
Purchase of -
Hardrock Oil Co. stock
6,420.00
*30 In 1939, the trustee received in dividends from corporations in which the trust held stock $2,627.29, and advances from the trustee in the sum of $2,288.20, all of which was expended as follows: For purchase of Spokane Pipe Line
Company stock
$ 400.00
For purchase of Hardrock Oil Co.,
stock
220.00
Insurance Premiums
957.99
Purchase of oil and gas lease from
Midland Realty Co.
160.00
Advances to Beneficiaries: Del Lowry (husband of Mina
Coolidge Lowry)
100.00
Mrs. E. B. Coolidge
3,000.00
Destie Holt
25.00
E. D. Coolidge
52.50 leaving a balance due trustee, at the close of the year, of $8,182.46. The trustee kept a cash book under the name of E. B. Coolidge, trustee, in which he recorded all the income received by him as trustee; an account of all expenditures made by him on behalf of the trust; all advances to the beneficiaries of the trust, and advances by the trustee to the trust, as well as receipts of the trust from dividends. No payments were made, at any time, to the trustee as remuneration or compensation for his services. During the taxable years in question the funds coming into the hands of the trustee were used only in the manner we have set out in *31 our findings above. The stock held by the trust was voted by the trustee in the years 1937, 1938 and 1939. The beneficiaries of the trust were fully advised of the terms and provisions of the trust indenture. The trustee, together with his wife Destie Fay Coolidge and Mina Frances Coolidge, comprised a majority of the directors of The Montana Corporation. Mina Frances Coolidge was secretary-treasurer of The Montana Corporation. The Montana Corporation originally was an operating company and drilled oil wells. Its drilling operations were later taken over by Hardrock Oil Co., and it then became a holding corporation and held stock in Hardrock Oil Co., Homestake Oil Company, Montana Gas Corporation and Range Oil & Gas Co. Limited. The petitioner, E. B. Coolidge, filed income tax returns under the name of E. B. Coolidge, Trustee, for the calendar years 1937, 1938 and 1939, all upon a cash basis of accounting, in which he reported all of the income received from the stocks held by him in trust, and in the returns all deductions for expenses paid on behalf of the trust were claimed as deductions. Opinion BLACK, Judge: Counsel for the respondent at the hearing of these proceedings *32 stated that one of the contentions of the Commissioner was that the trust indenture executed by E. B. Coolidge on December 20, 1930, violated the rule against perpetuities existing in the State of Montana and, therefore, was not a valid trust under the laws of that state. Much of petitioner's opening brief is devoted to the citation and discussion of authorities, both from Montana and other states, to show that the trust indenture does not violate the rule against perpetuities and is a valid trust under the laws of Montana. Respondent's brief does not discuss the rule against perpetuities nor does he cite any authorities in support of his contention made at the hearing that the trust was not a valid trust under the laws of Montana. Respondent's brief is devoted entirely to a discussion that the settlor, E. B. Coolidge, retained and exercised such dominion and control over the trust corpus of which he was the owner at the time he conveyed it to himself, as trustee, as to retain substantial ownership of the property and, therefore, cause the income from such property to be taxable to him under the doctrine of , and cases *33 which stem from that decision of the Supreme Court. Petitioner's reply brief is devoted to an effort to distinguish the facts of the instant case from those present in , and other cases cited and urged by the Commissioner in his brief. Therefore, since the Commissioner in his brief relies entirely upon Helvering v. Clifford and the cases which stem from it and does not discuss the rule against perpetuities, we shall consider that he has abandoned that contention and we shall not discuss that question or the cases cited by petitioners in their opening brief on that subject. We shall devote ourselves to a discussion of whether or not Helvering v. Clifford applies to the facts of the instant case. In Helvering v. Clifford, after discussing the broad sweep of section 22(a) the Supreme Court stated the issue in that case to be: * * * That issue is whether the grantor after the trust has been established may still be treated, under this statutory scheme as the owner of the corpus. * * * In absence of more precise standards or guides supplied by statute or appropriate regulations, the answer to that question must *34 depend on an analysis of the term of the trust and all the circumstances attendant on its creation and operation. And where the grantor is the trustee and the beneficiaries are members of his family group, special scrutiny of the arrangement is necessary lest what is in reality but one economic unit be multiplied into two or more by devices which though valid under state law, are not conclusive so far as § 22 (a) is concerned. It may well be as petitioners argue in their brief that the trust involved in the instant case is valid under the laws of the State of Montana and in this discussion we shall assume that it is valid, but, as pointed out by the Supreme Court in the part of its opinion which we have quoted above, that fact does not determine the issue whether the income is taxable to petitioner, E. B. Coolidge, under section 22(a). The Supreme Court in the Clifford case found the answer to such an issue in the terms of the trust itself. On that point the Supreme Court said: In this case we cannot conclude as a matter of law that respondent ceased to be the owner of the corpus after the trust was created. Rather, the short duration of the trust, the fact that the wife was *35 the beneficiary, and the retention of control over the corpus by respondent all lead irresistibly to the conclusion that respondent continued to be the owner for purposes of § 22 (a). The petitioners in their brief lay stress on the fact that in the Clifford case, the trust was a short term trust, the duration being for only five years. In , affd. 133 (2d) 312, we pointed out that while the duration of a trust was a factor to be considered in determining whether it fell within the rule of the Clifford case it was by no means the sole factor to be considered. In the Warren case, although the duration of the trust for the benefit of the settlor's wife was for the life of the settlor, nevertheless, we held that the income was taxable to him because as settlor and sole trustee he exercised such a large measure of control over the trust corpus. In so holding we quoted from our decision in , as follows: * * * He does control the form and manner of the investment of both principal and undistributed income. And he does remain in a position to participate *36 in the affairs of the business in which he is actively interested, a prerogative which proceeds from the retained equivalent of ownership of his interest in that enterprise. This is an attribute of proprietorship frequently of greater significance than the right to receive income. * * * In the instant case, in 1930 petitioner was the owner of 10,450 shares of The Montana Corporation of which he was the president and directing head. On December 20, 1930, he transferred these shares to himself, as trustee, for the purposes named in the trust indenture. He has continued to vote these shares and exercise control over them throughout the years since then, including the taxable years here in question, up until The Montana Corporation was dissolved in 1939. After the dissolution of that corporation he continued to exercise dominion and control over the stocks received in the liquidation of that corporation. True, he does it in the name of trustee but so did Clifford in The trust indenture does not declare how the income from the property placed in trust shall be distributed but in the actual administration of the trust, E. B. *37 Coolidge appears to have expended the income of the trust in pretty much the manner which suited him. For example, in the trust indenture Destie Fay Coolidge, wife of the petitioner, was made the beneficiary of one-half of the property transferred to the trustee, yet in 1937 she received $3,400 from the trust although the total gross income of the trust was only $5,548.80. In 1938 she was paid $3,310 by the trust although the total gross income of the trust was only $3,408.12. In 1939 she received from the trust $3,000, although the total gross income of the trust was only $2,627.29. It is true that these distributions to her are recorded on the cash book of the trustee as "Advances to Mrs. E. B. Coolidge". But there is no satisfactory explanation in the record, assuming that E. B. Coolidge, as trustee, was acting for the named beneficiaries in accordance with their respective interests, why he should make these large advances to Mrs. E. B. Coolidge and very small advances to the other beneficiaries. Also the evidence shows that in 1937 the trustee paid insurance premiums of $964.49, in 1938 paid insurance premiums of $958.74 and in 1939 paid insurance premiums of $957.99. There *38 is no explanation in the record as to what these insurance premiums were for. However, from other facts in the record we assume that these premiums were paid on a life insurance policy which The Montana Corporation had taken out on the life of E. B. Coolidge. For example, in the minutes of The Montana Corporation at a special meeting of the stockholders held March 1, 1939, looking toward the final liquidation of the corporation, the following paragraph appears: The life insurance policy on the life of E. B. Coolidge which has been carried by the company was discussed and Mr. Coolidge agreed that he would pay over to each of the other stockholders an amount equal to their proportionate interest in the cash surrender value thereof as measured by their pro rata interest in the total assets of the company and take an assignment of the policy from the corporation. Upon motion of Stockholder Becker, seconded by Stockholder Destie Coolidge, this plan was voted to be acceptable. We do not know whether the policy of insurance referred to in the foregoing minutes of The Montana Corporation is the one upon which the insurance premiums were paid by the trust in 1937, 1938 and 1939. But, at any *39 rate, it seems safe to assume that the insurance premiums thus paid in 1937, 1938 and 1939 were upon policies taken out on the life of petitioner. The trust says nothing about it being one of the purposes of the trust to pay life insurance premiums on the life of the settlor, E. B. Coolidge. It seems clear to us that such use is indicative of the fact that the settlor and trustee, E. B. Coolidge, in the taxable years in question treated both the income and corpus of the trust in pretty much the same way as if he were still the unconditional owner of the trust corpus. This, we think, makes , applicable and the income of the trust in the taxable years taxable to petitioner, E. B. Coolidge. Other cases were cited and discussed by both parties in their briefs but in view of what we have said above, we deem it unnecessary to discuss them. Decision will be entered for the respondent.